### LEMOS vs. DURALDE.

APPEAL from the court of the first district.

The recorder of mortgages is not compelled to cancel the entry on one of his books on the production by the mortgagor of the note, the payment of which is secured by the mortgage.

PORTER, J. delivered the opinion of the court. This is an action against the recorder of mortgages to compel him to cancel a mortgage existing on a lot of ground in this city, in favor of a certain Henry Bebee.

The mortgage was created by a public act, in virtue of which the plaintiff acquired the hypothecated property.   By the terms of this act, one half of the purchase money was paid down, and the balance in a note of hand subscribed by the petitioner, to the order of L. Wiltz.

The petitioner went with the note to the defendant, and required him to raise the mortgage. The latter refused, saying that he did not know the signatures of the persons on the note, and he did not think the act authorised the recorder to cancel the mortgage.   The plaintiff then retired, saying he would compel the defendant to

do so; and soon after returned, and presenting the note, with a tender of the legal fees, insisted on the latter erasing the mortgage: saying at the same time that he supposed the defendant knew the signature of the person holding the note; to which he replied that he believed the plaintiff was incapable of presenting a forged signature, but that he, the defendant, could not, on the instrument presented, erase the mortgage.

The court below was of opinion the defendant was not, on the evidence offered, obliged to cancel the mortgage—and from this decision the plaintiff appealed.

In opposition to the correctness of this judgment, the plaintiff relies on a provision of our code, which declares, that mortgages may be erased by and with the consent of the parties concerned: and an act of the legislature, which provides, that whenever promissory notes are furnished in payment of a debt for which a mortgage is given, it shall be lawful for each of the bearers of the said note, if negotiated, to cancel the mortgage to the amount of the note or notes in their possession. *C. Code*, 466, *art* 64. *Acts of the Legislature*, 1817, 61, *sect.* 3.

From these provisions, it has been contend-

LEMOS
vs.
DURALDE.

ed, that the plaintiff being the bearer of the note, had a right to cancel the mortgage; and that the law, not having pointed out any mode in which the consent of the persons authorised to raise mortgages should be shewn; it follows, the court cannot require any particular mode, by which that consent must be ascertained. And that whenever that fact of assent exists, and the recorder is required to act on it, he must ascertain its verity at his peril,

On behalf of the defendant it was urged, that the custom has always been, for the person who wished to raise a mortgage to do so by an authentic act passed before a notary: and that on this act being produced to the recorder of mortgages, the lien existing on the property was cancelled. That any other practice would expose him to great peril, and shake the rights of mortgagees, by enabling persons who had no interest in the transaction, to personate those who had, and release the mortgages. That by law, notaries are required to ascertain the identity of all persons appearing before them to pass acts, and are supposed to have the knowledge necessary for that purpose. That no such obligation is imposed on the keeper of mortgages, nor has he the means of knowing the individuals

who present themselves before him to cancel liens, recorded in his office. We wave the decision of the question, whether under the act of 1817, the bearer of a note, such as that alluded to in the statute, has not a right to compel the erasure of the mortgage on presenting himself, with the obligation, to the recorder. For that is not the case before us. The person, intended by the act in using the word *bearer*, was him to whom the note had been negotiated, not the maker. This is evident from the last clause of the section already referred to. It is there provided, that if the debtor suffers the *bearer* to depart from the state, without having the mortgage cancelled, it should be lawful for him to obtain such cancelling by sueing each of the absent *bearers*, in the manner and form directed by the first section of this act.

When, therefore, the debtor, as in the instance before us, presents himself in order to have a lien taken off his property, we are of opinion that he should shew the consent of those in whom the lien was vested, and do so, by evidence of as high a nature as that by which the lien was in the first instance created. *Nihil tam naturale est, quam eo genero quid-*

LEMOS
*vs.*
DURALDE.

*quid, dissolvere, quo colligatum est. Dig. lib.* 50, *tit.* 17, *lex* 35. Every reason, that can be imagined of public convenience, is in favour of the application of that rule to this case.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Seghers* for the plaintiff, *Dennis* for the defendant.